UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



TROY J. CHILDERS,

    Plaintiff,

v.                                            ACTION NO. 2:15cv497

JUDGE LARRY D. WILLIS, SR., *et al.*,

    Defendants.

## DISMISSAL ORDER

Plaintiff submitted this *pro se* action, in which he asks this Court to recalculate the past and present child support obligations imposed upon him by the Chesapeake Juvenile and Domestic Relations District Court. Plaintiff filed an application to proceed *in forma pauperis*, along with a proposed Complaint. ECF No. 1. Based upon the information contained in Plaintiff's financial affidavit, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*, and the Clerk is **DIRECTED** to file Plaintiff's Complaint.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Based upon a careful consideration of Plaintiff's submissions, the Court determines that dismissal of this action is appropriate.

In his Complaint, Plaintiff asserts that, on September 10, 2013, Defendant Judge Larry D. Willis, Sr. ordered Plaintiff to pay $1,100.00 per month in child support. Compl. ¶ 16.

Plaintiff claims that the dollar amount was an unjustified, "extreme deviation from the child support guidelines." *Id.* ¶ 17. Although Plaintiff alleges that he "wrote [a] letter to The Judicial Inquiry and Review Commission" concerning the September 10, 2013 child support order, Plaintiff does not allege that he appealed the order. *Id.* ¶ 27. After filing a motion for child support reduction, Plaintiff's obligations were reduced to $1,085.00 per month on April 21, 2015. *Id.* ¶ 21.[1] Plaintiff claims that the reduced child support figure remains improper. *Id.* ¶ 22. Plaintiff alleges that he "cannot appeal [his] case because of the thousands of dollars in appeal bonds each time [he] visit[s] the clerks' office after court." *Id.* ¶ 23. In his Prayer for Relief, Plaintiff requests "that [his] past and present child support obligations be recalculated correctly using [his] income and other necessary legal factors." *Id.* at 8.

Federal courts are courts of limited jurisdiction, meaning that a federal court is empowered only to consider certain types of claims. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). At times, state and federal courts are presented with claims arising from the same set of facts. "[I]n order to promote comity and create a division of labor between the state and federal systems" in such circumstances, various abstention doctrines have evolved. *Shapiro v. Stiles*, No. 2:09cv344, 2009 U.S. Dist. LEXIS 132211, at *3 (E.D. Va. Oct. 30, 2009). Under the *Younger* abstention doctrine, a federal court must abstain from jurisdiction when: "'(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims.'" *Rutledge v. Commonwealth Dep't of Soc. Servs.*, No. 2:09cv483, 2009 U.S. Dist. LEXIS 133016, at *4-5 (E.D. Va. Nov. 4, 2009) (quoting *Haw. Housing Auth. v.*

---

[1] The Court specified that $250.00 of Plaintiff's monthly payment was to be considered as payment toward Plaintiff's arrearages of $14,282.49. *Id.* ¶ 21, Ex. 3.

*Midkiff*, 467 U.S. 229, 237-38 (1984)). As this Court has explained, "*Younger* abstention 'reflects a strong federal policy against federal court interference with pending state judicial proceedings.'" *Rutledge*, 2009 U.S. Dist. LEXIS 133016, at *4-5 (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Notably, ongoing state child support cases, of which Plaintiff complains in this lawsuit, have been described as "one of the types of cases that federal courts should abstain from hearing." *Id.* at *5.

The factors mandating abstention pursuant to the *Younger* doctrine are present in Plaintiff's case. Plaintiff is clearly bound by an ongoing state court child support order. Further, the Commonwealth of Virginia "has an important state interest in its own domestic relations proceedings." *Minns v. Portsmouth Juvenile & Domestic Relations Court*, No. 2:07cv323, 2008 U.S. Dist. LEXIS 23847, at *12 (E.D. Va. Mar. 26, 2008). Finally, Plaintiff is asking this Court to recalculate his past and present child support obligations. This is a claim that certainly could have been raised on appeal through the state court appellate process.[2] *Minns*, 2008 U.S. Dist. LEXIS 23847, at *12.

Additionally, federal courts lack subject matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine, in "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Rutledge*, 2009 U.S. Dist. LEXIS 133016, at *5 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

---

[2] Although Plaintiff's Complaint includes a reference to 42 U.S.C. § 1983 and the Fourteenth Amendment, this Court has explained that a litigant "may not circumvent the state court appellate process by filing a § 1983 action in district court." *Minns*, 2008 U.S. Dist. LEXIS 23847, at *13.

The "essence of the [*Rooker-Feldman*] doctrine" is that "a federal district court will not engage in what amounts to appellate review of a state court's decision." *Id.*

The Court finds that it must abstain from jurisdiction under both the *Younger* doctrine and the *Rooker-Feldman* doctrine and, so, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, the Court **DISMISSES** this action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty (30) days from the date of the entry of this Dismissal Order.

The Clerk is **DIRECTED** to mail a copy of this Dismissal Order to Plaintiff.

IT IS SO **ORDERED**.

_____
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia

Nov 24, 2015